IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-14-292-2-C |
| | ) | No. CIV-19-136-C |
| MICHAEL DESHAUN STILES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a Motion pursuant to 28 U.S.C. § 2255 seeking to correct or modify his sentence. Pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings, the Court has reviewed Defendant's request for relief under § 2255 and finds it is untimely. Pursuant to 28 U.S.C. § 2255(f)(1), a motion must be filed within one year of final judgment. Here, judgment was entered as to Defendant on July 1, 2016. Recognizing this time bar, Defendant argues his Motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period begins from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant then directs the Court to Sessions v. Dimaya, --- U.S. ---, 138 S.Ct. 1204 (2018), arguing that case revived his right to purse his claim.

The flaw in Defendant's argument is that Dimaya has no applicability here. That case held that § 16(b) of the Immigration and Nationality Act was unconstitutionally vague. Id. at 1204. That statute played no role in Defendant's conviction. Thus, Defendant has

failed to identify recognition of a new right within the limitations period. Therefore, Defendant's § 2255 Motion is untimely, and it will be dismissed.

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. Nos. 241, 1) is DENIED. A separate Judgment will issue.

IT IS SO ORDERED this 16th day of April, 2019.

ROBIN J. CAUTHRON
United States District Judge